FILED

MAR 06 2014

Clerk, U.S. District and
Bankruptcy Courts

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |
|---|---|
| "Jane Doe" on behalf of herself and similarly situated others <br>                                 Petitioner, <br> v. <br><br> UNITED STATES DEPARTMENT of HEALTH and HUMAN SERVICES and KATHLEEN SEBELIUS in her official capacity as Secretary of the United States United States Department of Health and Human Services <br>                               Respondents. | Case: 1:14-cv-00366 <br> Assigned To : Howell, Beryl A. <br> Assign. Date : 3/6/2014 <br> Description: Admin. Agency Review <br><br> **MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |

Petitioner hereby seeks leave of this Court to proceed under a pseudonym. In support thereof, Petitioner submits the attached memorandum of law.

Dated: February 20, 2014

                                                                                 Respectfully submitted,

                                                                                 MARSH LAW FIRM PLLC

                                                                                 By_____
                                                                                 James R. Marsh
                                                                                 Bar ID: 436448
                                                                                 P.O. Box 4668 #65135
                                                                                 New York, NY 10163-4668
                                                                                 Telephone / Fax: (212) 372-3030
                                                                                 Email: jamesmarsh@marshlaw.us

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| "Jane Doe" on behalf of herself and similarly situated others<br>        Petitioner,<br>v.<br><br>UNITED STATES DEPARTMENT of HEALTH and HUMAN SERVICES and KATHLEEN SEBELIUS in her official capacity as Secretary of the United States United States Department of Health and Human Services<br>        Respondents. | Civil Action No._____<br><br>**MEMORANDUM IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM** |

  Rule 10 (a) of the Federal Rules of Civil Procedure states that in a complaint "the title of the action shall include the names of all the parties...." Although the Rules contain no explicit provisions authorizing the use of pseudonyms, the Supreme Court has implicitly recognized the use of pseudonyms and other federal courts have allowed plaintiffs to proceed under fictitious names to avoid social stigma or potential harm. 2A *Moore's Federal Practice* 110. 02 (2d ed. 1991); *see also Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973).

  Courts have generally permitted the use of pseudonyms to protect a plaintiff from harassment, injury, ridicule or personal embarrassment. *U.S. v. Doe*, 655 F. 2d 920, 922 n.1 (9th Cir. 1981) (risk of serious bodily harm); *Poe v. Ullman*, 367 U.S. 497, 498 n.1 (1961) (birth control); *Doe v. Stegall*, 653 F. 2d 180, 186 (5th Cir. 1981) (threat of physical harm); *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (homosexuality); *Doe vs. Gallinot*, 486 F. Supp. 983, (C.D. Cal. 1979), aff'd, 657 F. 2d 1017 (9th Cir. 1981) (mental illness); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D.

1

Cal. 1981) (conscientious objector status). In *Qualls v. Rumsfield*, this Court stated "the 'rare dispensation' of allowing parties to proceed pseudonymously is only justified in the 'critical case' or the 'unusual case." 228 F.R.D. 8, 10 (D.D.C. 2005) (*citing James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) and *Advanced Textile* 214 F.3d 1058, 1067 (9th Cir. 2000)). Further, this Court held "[s]uch critical or unusual cases may include those in which 'identification creates a risk of retaliatory physical or mental harm,' those in which 'anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature,' and those in which the anonymous party would be compelled to admit criminal behavior or be subject to punishment by the state. *Id.* (*citing Advanced Textile* 214 F.3d 1058, 1068 (9th Cir. 2000)).

    Here Petitioner alleges that she has been the victim of a brutal sexual assault that involves sensitive and highly personal information such as details regarding injuries to her vagina. In addition, Petitioner endured retaliation and harsh criticism in the aftermath of reporting the underlying incident even though her account was described as "compelling and credible" by fact-finders at the university whose actions formed the basis for her complaint to the Respondent agency. The Petitioner fears intrusions of her privacy and increased harassment against herself and her family if her true name is revealed. Under these circumstances, particularly where vaginal injuries and sexual experiences are relevant, Petitioner should be allowed to proceed anonymously.
2A *Moore's Federal Practice*, 110.02 at 10-7 (1991 ed.).

    The Respondent will suffer no prejudice if this Court grant's this motion. Indeed, the Respondent agency and university at issue both have policies of not disclosing a complainant's identity in these circumstances.

Petitioner agrees to make available, under seal, her full, true name to the Respondent and this Court.

For the foregoing reasons, Petitioner respectfully requests that this Court to grant this motion.

Dated:  February 20, 2014

Respectfully submitted,

MARSH LAW FIRM PLLC

By_____
James R. Marsh
Bar ID: 436448
P.O. Box 4668 #65135
New York, NY 10163-4668
Telephone / Fax: (212) 372-3030
Email: jamesmarsh@marshlaw.us